■ The People of the State of New York, Respondent, v Samuel Saunders, Appellant. [26 NYS3d 850]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered February 18, 2014, as amended March 5, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (three counts), criminal possession of marijuana in the third degree, criminally using drug paraphernalia in the second degree (two counts), criminal possession of stolen property in the fifth degree, and unlawful possession of ammunition, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of seven years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]). The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty. Instead, it separately explained to defendant that as part of his plea bargain, he was agreeing to waive his right to appeal. Defendant confirmed that he understood, and the oral colloquy was supplemented by a written waiver. The waiver forecloses review of defendant's suppression claims.

Regardless of whether defendant made a valid waiver of his right to appeal, we find, based on our in camera review of sealed materials, that there was probable cause for the issuance of a search warrant, and that defendant's suppression motion was properly denied. Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.